O

# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL MARKS, | Case № 2:14-cv-08423-ODW (MRW) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S** |
| HERAEUS PRECIOUS METALS | **EX PARTE APPLICATION [51]** |
| NORTH AMERICA LLC; and DOES 1-100, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

On September 8, 2015, Defendant Heraeus Precious Metals North America LLC filed an ex parte application for relief from the motion cutoff date. (ECF No. 51.) Defendant contends that such relief is necessary so that they can file a Motion to Reopen Discovery for the purpose of deposing James Henry. (*Id.*) Plaintiff Michael Marks opposes Defendant's application, and requests sanctions in the amount of $9,600 for having to draft the opposition. (ECF No. 54.) For the reasons discussed below, the Court **DENIES** the ex parte application. (ECF No. 51.)

## II. LEGAL STANDARD

An ex parte motion must "establish why [a] motion for the ultimate relief requested cannot be calendared in the usual manner. In other words, it must show

why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

"What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* Denial of an ex parte application is appropriate if the substantive request underlying the application is without merit. *Id.*

### III.  DISCUSSION

The Court finds that Defendant is at fault for creating the crisis that requires ex parte relief. Defendant's counsel concedes that they spoke to Mr. Henry during discovery to inquire what knowledge he had about the claims in this lawsuit, at which time Mr. Henry allegedly stated that he had no knowledge of any racial discrimination against Plaintiff. (Decl. Cruz ¶¶ 11–15.) Based on this representation, Defendant declined to take Mr. Henry's deposition. By taking Mr. Henry at his word and electing not depose him, Defendant took the chance that it would be unable to impeach Mr. Henry at trial should he later change his story. That Defendant recently learned that Mr. Henry might indeed have changed his story does not constitute good cause for either filing this ex parte application or reopening discovery in order to depose him.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's ex parte application. (ECF No. 51.) The Court also **DENIES** Plaintiff's request for sanctions. (ECF No. 54.)

**IT IS SO ORDERED.**

September 10, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3